■   THOMAS I. FITZGERALD, Public Administrator of the County of New York, as Administrator of the Estate of CARL P. BLUME, Deceased, Respondent, v AMERICAN TRADING AND PRODUCTION CORP., Appellant.—Order and judgment entered July 9, 1975 and July 14, 1975, respectively, Supreme Court, New York County, which denied defendant-appellant's motion to vacate its default and the judgment granted in favor of plaintiff against defendant on the issue of liability, unanimously reversed, on the law and in the exercise of discretion, without costs and without disbursements, and the motion is granted on condition that appellant shall pay plaintiff's counsel the sum of $5,000 within 20 days from the date of publication of this decision. Upon compliance by appellant with said condition, the action is remanded to the trial court for an early trial on a date convenient to the court. In the event of failure of appellant to comply with the said condition, the order and judgment are unanimously affirmed, with $60 costs and disbursements to respondent. The trial of the above action was advanced from June 6, 1975 to June 2, 1975 without appropriate notice to defense counsel of the application and without a hearing (CPLR 2214). Further, defendant's trial counsel was represented to be actively engaged on June 2, 1975 and the days immediately following in the United States District Court, Southern District of New York, and there was a question whether any other member of his firm qualified to try this action was available on said dates. Although we appreciate the concern of the Trial Judge to move his calendar with dispatch, the short adjournment requested by counsel for defendant should in the exercise of discretion have been granted, especially, since, as the record shows, defense counsel offered to pay the necessary expenses of plaintiff's out-of-country witnesses whose attendance at trial was required. Those expenses were represented to amount to at least $5,000, a figure which defendant's counsel did not then dispute. Defendant's default in failing to proceed to trial on June 2, 1975 and the days immediately thereafter was excusable (CPLR 5015, subd [a], par 1). The affidavit of merits submitted on behalf of defendant in support of the motion evidenced a meritorious defense. Under the circumstances, it was an improvident exercise of discretion to refuse to vacate the default and the judgment, upon imposition of appropriate conditions. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Lane, JJ.